76049. COLLINS et al. v. WEST AMERICAN INSURANCE COMPANY.
(368 SE2d 772)

BANKE, Presiding Judge.
On May 22, 1986, the appellants filed an action against the appellee insurance company in the United States District Court for the Eastern District of Tennessee, seeking to recover certain casualty insurance benefits allegedly due them as the result of a fire which occurred on May 24, 1985. On September 24, 1986, the federal court dismissed the action for lack of subject-matter jurisdiction; and on March 23, 1987, the appellants refiled their claim in the Superior Court of Walker County, invoking the renewal statute, OCGA § 9-2-61, to avoid the bar of a one-year limitation period set forth in the contract. The trial court awarded the insurer summary judgment, concluding that the contractual claim was barred by the one-year limitation and rejecting on the merits an additional claim by the appellants that the appellee had wrongfully interfered with their contractual rights under the policy by the manner in which it had discharged its separate obligations to the mortgagees of the property in question. This appeal followed. *Held*:

1. The policy provides: "No action can be brought unless the pol-

icy provisions have been complied with and the action is started within one year after the date of loss." The appellants argue that because the word "commenced" is normally used in such a policy provision rather than the word "started," the above language is ambiguous and of no effect. We disagree.

2. The trial court granted summary judgment to the appellee on the contract claim based on its conclusion that the renewal statute applied only to statutory, as opposed to contractual, limitation periods. This court, in *Blue Ridge Ins. Co. v. Maddox*, 185 Ga. App. 153 (363 SE2d 595) (1987), subsequently held to the contrary, overruling the cases relied upon by the trial court. However, the appellee asserts that the trial court's ruling was nevertheless correct because the federal court action was never a valid pending action. We agree.

"OCGA § 9-2-61 applies only if the original suit is a valid suit, but will not apply if the original suit is void." *Hornsby v. Hancock*, 165 Ga. App. 543, 544 (301 SE2d 900) (1983). It has been held that where a court does not have jurisdiction of the subject matter, "the whole proceeding is . . . void." *Deans v. Deans*, 164 Ga. 162, 164 (137 SE 829) (1927). It follows that the renewal statute does not apply, with the result that the contractual claim is barred by the one-year limitation provision.

3. The appellants also contend that the court improperly granted summary judgment against them on their tortious interference claim. This claim was based on allegations that the appellee knowingly underpaid the mortgagees for the cost of repairing the structure, leaving a $17,000 deficiency. The contract contains a standard mortgage clause, which "creates a separate contractual relationship between the insurer and the mortgagee. . . ." *Fortson v. Cotton States Mut. Ins. Co.*, 168 Ga. App. 155 (308 SE2d 382) (1983). The record reflects that the mortgagees reached an agreement with the appellee concerning the cost of making the necessary repairs and paid them pursuant to this agreement. In their affidavits opposing the summary judgment motion, the appellants merely reasserted their allegations that the appellee had interfered with their contractual rights by not paying a greater sum of money to the mortgagees. Assuming arguendo that the insurer did not pay the mortgagees the amount actually required to repair the premises, it is not apparent how this would translate into tortious interference with the appellants' contractual rights. It is axiomatic that "conclusory allegations by way of an affidavit . . . will not be sufficient to avoid summary judgment." *Swanson v. Lockheed Aircraft Corp.*, 181 Ga. App. 876, 879 (354 SE2d 204) (1987). Consequently, the trial court did not err in granting summary judgment to the appellee on the tort claim.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED APRIL 4, 1988 —
REHEARING DENIED APRIL 18, 1988 — 

*Larry D. Ruskaup*, for appellants.
*John D. Barry*, for appellee.