**Robert P. SILCOX, Jr.**

v.

**CSX TRANSPORTATION, INC., et al.**

**Civ. No. 1:88–CV–1141–WCO.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 23, 1990.

Charles Michael Hardman, Atlanta, Ga., for Silcox.

Jack Harrell Senterfitt, Atlanta, Ga., for CSX Transp., Inc.

Daniel MacDouglad, Atlanta, Ga., for Vaughn.

## ORDER

O'KELLEY, Chief Judge.

On a prior date the court had and considered the motion of defendant, Ricky Vaughn (Vaughn), to dismiss for lack of subject matter jurisdiction, which the court ruled upon on December 19, 1989. This matter is presently before the court on the plaintiff's motion to reconsider the ruling on the motion to dismiss. The purpose of

this order is to discuss the original ruling and the motion for reconsideration.

The issue presented in these motions is pendent party jurisdiction. The jurisdictional question was raised by the court *sua sponte* at a pre-trial conference held on July 24, 1989, at which time the court ordered the parties to submit briefs on the issue. Though not cited by the parties, the then recent decision of the United States Supreme Court, *Finley v. United States,* —— U.S. ——, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), dictated that the court find that it does not have the power to exercise pendent party jurisdiction over the plaintiff's state law claim against Vaughn. Accordingly, the motion to dismiss was granted.

On reconsideration, the plaintiff argued, *inter alia,* that *Finley* should not be applied retroactively because his state law claim would be time barred if refiled in state court. Since the Eleventh Circuit precedent at the time the plaintiff filed this action would have suggested that it would be appropriate for the court to exercise pendent party jurisdiction, the court will not apply *Finley* retroactively in the case at bar.

This action arises from an automobile accident. The plaintiff filed suit against both the railroad, CSX Transportation, Inc. (CSX), where jurisdiction under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.,* is conceded, and Vaughn, the driver of the other vehicle, where jurisdiction is predicated on pendent party jurisdiction. There is no independent basis of subject matter jurisdiction over the claim against Vaughn since the claim is founded on the tort laws of Georgia and there is no diversity of citizenship between Vaughn and the plaintiff. Accordingly, this case presents the question of whether this court should exercise pendent party jurisdiction over the plaintiff's state law claim against Vaughn, a non-diverse defendant over

whom no independent basis of federal jurisdiction exists.

The power of a court to exercise pendent party jurisdiction is limited by the statute conferring jurisdiction over the federal claim.[1] A federal statute which grants "jurisdiction over claims involving particular parties," but which does not "confer jurisdiction over additional claims by or against different parties," precludes the exercise of pendent party jurisdiction. *Finley,* —— U.S. at ——, 109 S.Ct. at 2010. The statute at issue in *Finley,* the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), empowered the federal courts with exclusive jurisdiction over "civil actions on claims against the United States." Because the statute did not encompass civil actions in which a claim against the United States "constituted merely a minimum jurisdictional requirement," the Court concluded that " 'against the United States' means against the United States and no one else." *Id.,* —— U.S. ——, 109 S.Ct. at 2008. Accordingly, the Court held that the FTCA does not permit the exercise of pendent party jurisdiction, even though this may result in separate actions in federal and state courts. *Id.,* —— U.S. ——, 109 S.Ct. at 2010.

The present case is controlled by *Finley.* The FELA's jurisdictional statute, 45 U.S.C. § 56, provides that "[t]he jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States." It is apparent that the federal grant of jurisdiction is only as broad as the chapter which creates the federal cause of action.

The FELA establishes a federal cause of action over claims by an employee against an employer who is a common carrier by rail. In the case of the death of the employee, the statute specifies which parties may bring the action. 45 U.S.C. § 51. The

---

1. Two other prerequisites must also be met: (1) the federal claim must be "substantial, meaning not 'inescapably' frivolous," and (2) the state claim must "arise out of a 'common nucleus of operative fact,' such that the plaintiff would be expected to try the federal and state claims together." *Giardiello v. Balboa Ins. Co.,* 837 F.2d 1566, 1570 (11th Cir.1988) (quoting *Jackson v. Stinchcomb,* 635 F.2d 462, 471 (5th Cir.1981), and *Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), respectively).

FELA does not recognize additional causes of action.

Since the statute does not confer jurisdiction over a non FELA claim, there is no statutory basis for this court to apply the doctrine of pendent party jurisdiction. Like the Federal Tort Claims Act, the FELA narrowly defines the basis of federal jurisdiction.

The court believes that the instant case presents an even stronger argument against pendent party jurisdiction than was present in *Finley*. The rationale behind pendent party jurisdiction is absent in a FELA action. The basis for pendent jurisdiction is that "considerations of judicial economy, convenience and fairness to litigants" justifies the exercise of jurisdiction over state claims arising out of a "common nucleus of operative fact" with the federal claim. *Mine Workers v. Gibbs*, 383 U.S. at 725–26, 86 S.Ct. at 1138–39. Unlike the FTCA, which vests the federal courts with exclusive jurisdiction over claims against the United States, the FELA expressly allows FELA claims to be brought in state court. A FELA plaintiff is not forced to file separate actions in state and federal courts.

The plaintiff could have sued both defendants in state court, but may not do so in federal court unless there are independent grounds for jurisdiction as to the non FELA defendant.

 Nevertheless, in view of the unique facts of this case, *Finley* will not be applied retroactively in the case at bar. A retroactive application of *Finley* would cause the plaintiff to loose the ability to pursue his claim against Vaughn if refiled in state court. The state law claim is now time barred and would not be preserved by Georgia's renewal statute, O.C.G.A. § 9–2–61, if this court does not exercise pendent party jurisdiction over that claim. *See Collins v. West American Ins. Co.*, 186 Ga.App. 851, 368 S.E.2d 772 (1988) (where the court did not have subject matter jurisdiction over the original suit, the whole proceeding was void and the renewal statute does not apply). The plaintiff's state law claim, filed on May 25, 1988, would have been timely filed under the Georgia Code and expired while before this court. O.G.C.A. § 9–3–33. The plaintiff filed this action under the law as the Eleventh Circuit believed it to be, which would have presented a strong argument for pendent party jurisdiction. *See Giardiello v. Balboa Ins. Co.*, 837 F.2d 1566 (11th Cir. 1988); *Boudreaux v. Puckett*, 611 F.2d 1028 (5th Cir.1980) (binding authority on this court under *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir.1981)). The decision to apply *Finley* prospectively only in the case at bar is not based on an attempt to spare the plaintiff the trouble and expense of filing a second lawsuit, as urged by the plaintiff. Rather, the decision is made because the plaintiff would loose the claim altogether if pendent party jurisdiction, as it was interpreted by the Eleventh Circuit at the time suit was filed, were not exercised.

Therefore, the motion for reconsideration is granted. Defendant Vaughn shall remain in this action under the doctrine of pendent party jurisdiction.

IT IS SO ORDERED.