A90A0481. KENNEY v. GILMORE et al.
(393 SE2d 472)

DEEN, Presiding Judge.

Ms. Kenney, a former employee of appellee GIT Travel, Inc. (of which appellee Gilmore is head), brought a defamation action against

Gilmore and the travel agency. She contended that, by disclosing unfavorable and allegedly untrue information to United Air Lines' employment agent, Equifax, the defendants had caused United to reject her job application. Gilmore and GIT answered, denying all allegations and counterclaiming for costs and damages on the basis that Kenney's defamation action was frivolous. Defendants/appellees then moved for summary judgment, and the trial court granted the motion. Ms. Kenney appeals, enumerating as error (1) the trial court's ruling that there was no publication of the allegedly defamatory information, (2) the trial court's finding that the record contained no evidence of malice on appellees' part, and (3) the court's not permitting the malice issue to go to the jury. *Held*:

1. According to the record before us, Ms. Kenney had left GIT under unpleasant circumstances, including at least one quarrel with Gilmore and allegations that her manner and performance had caused the agency to lose at least one major client. Ms. Kenney applied for a position with United, listing GIT as a former employer and signing an authorization for United to contact those listed on the application. A representative of Equifax, which United had engaged to screen the applicants, telephoned the travel agency and talked with Mr. Gilmore, who allegedly stated that Ms. Kenney was insubordinate, had caused the agency to lose clients, and would not be rehired should the opportunity arise. A second Equifax representative called some time later to verify the written report of the initial telephone call; this person's report was substantially identical to the previous one.

When Ms. Kenney learned that her application had been rejected on the basis of information gathered by Equifax, she brought the action below. The defendants asserted that it was Equifax, not they, who had initiated the inquiry; that the information given was accurate; and that they bore Ms. Kenney no ill will.

In granting the motion for summary judgment, the trial court, citing OCGA § 51-5-1 (b), held as a matter of law that no "publication" of the allegedly defamatory matter had occurred and that, since according to the statute "publication . . . is essential to recovery," a defamation action would not lie. The court pointed out in its order that the only communication of the challenged matter was between Gilmore, a former employer, and Equifax, the agent of a prospective employer; and that Kenney had expressly authorized such communication. In other words, the only persons to whom the challenged information was communicated were those authorized to receive the information. Thus no publication, in the sense contemplated in the statutory scheme, occurred at all. *Monahan v. Sims*, 163 Ga. App. 354 (294 SE2d 548) (1982). Furthermore, in the circumstances below, the alleged defamation might have been deemed to have been "invited." See *Georgia Power Co. v. Busbin*, 249 Ga. 180 (289 SE2d 514) (1982).

2. Moreover, as the trial court noted in its order granting summary judgment, the communication was protected by a privilege. Georgia courts have long recognized that a prima facie privilege shields statements made concerning a current or former employee by a current or former employer to one, such as a prospective employer, who has a legitimate interest in such information. See, e.g., *Williams v. Cook*, 192 Ga. App. 811 (386 SE2d 665) (1989); *Carter v. Willowrun Condo. Assn.*, 179 Ga. App. 257 (345 SE2d 924) (1986); *Land v. Delta Airlines*, 147 Ga. App. 738 (250 SE2d 188) (1978). The privilege is a qualified one and can be vitiated by evidence of actual malice. OCGA § 51-5-9. The plaintiff has the burden of proving the existence of actual malice. *Meyer v. Ledford*, 170 Ga. App. 245 (316 SE2d 804) (1984); *Atlanta Journal Co. v. Doyal*, 82 Ga. App. 321 (60 SE2d 802) (1950). We find the record devoid of any evidence of actual malice. There being no genuine issue of material fact, summary judgment was therefore proper. *Meyer v. Ledford*, supra.

We find no merit in any of appellant's enumerations.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 3, 1990 —
REHEARING DENIED APRIL 19, 1990 — 

*Hogan, Casey & Cooper, James D. Hogan, Jr.*, for appellant.
*Chambers, Mabry, McClelland & Brooks, Rex D. Smith, Stefan E. Ritter*, for appellees.