A91A1706. SAFETY-KLEEN CORPORATION et al. v. SMITH.
(417 SE2d 171)

CARLEY, Presiding Judge.

Appellee-plaintiff filed suit, alleging that appellant-defendants Safety-Kleen and its employees Tyler, Parker and Lloyd had engaged in a conspiracy to slander him. According to appellee, after he voluntarily left his employment with Safety-Kleen and began working for a competitor, his potential customers and his former customers had been given false information concerning the reasons why he was no longer employed by Safety-Kleen. The case was tried before a jury and a verdict for actual damages only was returned in favor of appellee and against all appellants. Appellants appeal from the judgment that was entered by the trial court on the jury's verdict.

1. As against Safety-Kleen, there is no evidence to authorize a finding that it expressly directed or authorized any of the other appellants to engage in the slander of appellee. "A corporation is not liable for damages resulting from the speaking of false, malicious, or defamatory words by . . . its agents, even where in uttering such words the speaker was acting for the benefit of the corporation and within the scope of the duties of his agency, unless it affirmatively appears that the agent was expressly directed or authorized by the corporation to speak the words in question." *Behre v. Nat. Cash Register Co.*, 100 Ga. 213 (1) (27 SE 986) (1897). Accordingly, the trial court erred in denying Safety-Kleen's motion for directed verdict. *Georgia Power Co. v. Busbin*, 242 Ga. 612, 615 (4) (250 SE2d 442) (1978).

2. The holding in Division 1 does not, in and of itself, mandate a reversal of the judgment against the remaining appellants. *City of Fairburn v. Cook*, 188 Ga. App. 58, 61 (4) (372 SE2d 245) (1988); *Hubacher v. Volkswagen Central*, 164 Ga. App. 791, 793 (2) (298 SE2d 533) (1982).

3. As against appellants Tyler, Parker and Lloyd, the circumstantial evidence would not authorize a finding of the existence of a conspiracy to slander appellee. The mere fact that, in his new employment, appellee lost sales after those appellants had spoken to his prospective customers shows only that they were competing with him for business, and not that they conspired to slander him. However, there was sufficient direct evidence of the existence of a conspiracy so as to withstand a motion for directed verdict. A witness testified to having overheard telephone conversations wherein all three individual appellants said "they were going to customers to let them know [appellee] had stole from the company, that he was dishonest, not to do business with him."

However, " 'the conspiracy of itself furnishes no cause of action. The gist of the action . . . is not the conspiracy alleged, but the tort

committed against plaintiff and the resulting damage. [Cit.]' " *Cook v. Robinson*, 216 Ga. 328, 329 (1) (116 SE2d 742) (1960). Accordingly, in the absence of evidence that one of the three individual appellants who allegedly conspired to slander appellee had, in fact, made slanderous statements in furtherance of the conspiracy, a verdict against them and in favor of appellee cannot stand.

A witness' testimony that Tyler "led [her] to believe that [appellee] was fired for being dishonest and stealing from [Safety-Kleen]" is not evidence of a slanderous statement. There was no testimony as to the *actual words* employed by Tyler and the witness may have been "led to believe" an untruth about appellee without Tyler ever having uttered any defamatory words. Innuendo may be employed to demonstrate that *ambiguous words* are slanderous, but it does not obviate the necessity for proof of the words that were actually spoken. " ' "The office of an innuendo is to explain that which is of doubtful or ambiguous meaning in the language of the publication, but cannot enlarge the meaning of words plainly expressed therein." ' [Cit.] Thus, where the plain import of the words spoken impute no criminal offense, they cannot have their meaning enlarged by innuendo. [Cit.]" *Burrow v. K-Mart Corp.*, 166 Ga. App. 284, 286 (1) (304 SE2d 460) (1983).

Likewise, evidence merely that Parker was present on an occasion when allegedly defamatory words were spoken to another witness proves nothing. If it could not be shown that Parker or another co-conspirator spoke the allegedly defamatory words, neither he nor any of the other alleged co-conspirators could be found liable for slander. Obviously, any recovery based upon a conspiracy to commit slander requires proof that a slander was committed by one of the alleged co-conspirators.

The only probative evidence of any slanderous utterance made by one of the appellants was testimony given by appellee's own brother. He testified that, in a sales meeting of Safety-Kleen's employees, Tyler made the comment that appellee was a "thief or stole from the company. . . ." The credibility of this witness was for the jury and, if the statement attributed to Tyler was false, this witness' testimony would be sufficient to require the denial of a motion for directed verdict.

Insofar as the truth of the statement attributed to Tyler is concerned, appellee admitted that he had sold certain of Safety-Kleen's products and had pocketed the proceeds as "side money." He defended his conduct in this regard by producing evidence that other Safety-Kleen employees had done likewise. If this practice had not been specifically authorized by Safety-Kleen as its corporate policy, however, the mere fact that other Safety-Kleen employees were doing likewise would not demonstrate that appellee was not a thief. It

would show only that the other Safety-Kleen employees were also thieves. However, there is no evidence that the practice had not been authorized by Safety-Kleen and, therefore, it cannot be said that the statement attributed to Tyler was, as a matter of law, true. Accordingly, construing the evidence most favorably for the verdict, there was some evidence to authorize a finding that appellants Tyler, Parker and Lloyd conspired to slander appellee and that one of them made a slanderous statement in furtherance of that conspiracy. It follows that the trial court did not err in denying their motion for directed verdict.

4. Enumerations of error regarding attorney's fees and punitive damages need not be addressed, since the jury awarded neither.

5. Over appellants' relevancy objection, appellee was permitted to testify that he had been fired from the employment he had entered into after leaving Safety-Kleen and that his firing had been because he would not forego pursuit of the instant lawsuit. The failure to sustain this objection is enumerated as error.

This testimony has no relevancy whatsoever to the instant lawsuit. There is *no* evidence that any of the appellants were instrumental in pressuring appellee's employer to make his dropping of the instant lawsuit a condition of his continued employment. Under the evidence, appellee was given an option by his employer and he made his election. The giving of the option and the consequences of appellee's decision are matters which should be resolved as between appellee and his employer, not as between him and appellants. The only effect of this irrelevant testimony could have been to evoke sympathy for appellee and prejudice against appellants. Accordingly, a new trial is warranted. "This testimony was prejudicial to [appellants], and was not germane to the issue. It was erroneous to allow it in evidence." *Isley v. Little*, 219 Ga. 23, 27 (4) (131 SE2d 623) (1963).

6. A review of the record demonstrates that the trial court gave numerous charges on the principle that damages are presumed or inferred in the case of slander per se. However, we need not decide whether these repeated references were so unnecessarily and unduly repetitive as to constitute an independent ground of reversal. Since the case must already be retried for the reasons given in Division 5, it will suffice merely to direct that, at the retrial, the trial court should tailor its charge so that it is a fair and impartial statement of the applicable law.

7. Appellants enumerate as error the trial court's refusal to give a requested charge to the effect that the jury "must draw" an adverse inference against a witness who has invoked the Fifth Amendment. It was not error to refuse to give this requested charge, because it is an erroneous statement of the law. "[W]hen a witness invokes a privilege against self-incrimination, an adverse inference *may* be drawn.

[Cits.]" (Emphasis supplied.) *In The Matter of Robert A. Meier*, 256 Ga. 72, 73 (344 SE2d 212) (1986).

8. It was error to refuse to give appellants' request to charge relating to nominal damages and, if requested at the retrial, the charge should be given. *Ransone v. Christian*, 56 Ga. 351, 357 (6) (1876).

9. Remaining enumerations of error have been considered and are found to be without merit or not likely to recur at retrial.

10. Pursuant to OCGA § 9-11-50 (e), the judgment against Safety-Kleen is reversed with direction that judgment be entered in favor of Safety-Kleen. See generally *Belk-Hudson Co. v. Davis*, 132 Ga. App. 237, 241 (1c) (207 SE2d 528) (1974). The judgment against Tyler, Parker and Lloyd is reversed with direction that they be granted a new trial.

*Judgment reversed with direction. Johnson, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED MARCH 4, 1992 —
RECONSIDERATION DENIED MARCH 24, 1992 —

*Holt, Ney, Zatcoff & Wasserman, J. Scott Jacobson, Robert F. Leverett*, for appellants.

*Hardwick & Associates, Clifford H. Hardwick*, for appellee.