A92A0501, A92A0712, A92A0713. ELDER v. CARDOSO et al.; and vice versa (three cases).

(421 SE2d 753)

CARLEY, Presiding Judge.

Appellant-plaintiff Dr. Ronald Elder is a pediatrician. Appellee-defendants Dr. David Cardoso, Dr. Samuel Goodrich, Dr. Suzanne Palmer and Dr. Curtis Veal are obstetricians and appellee-defendant Milledgeville OB-GYN Associates, P.C. (P.C.) is their professional corporation. Alleging that his professional reputation and medical practice had been damaged, appellant brought suit against appellees for slander and tortious interference with his contractual and business relations. Appellees answered and, after discovery, cross-motions for summary judgment were filed. As to the slander claim, the trial court granted partial summary judgment in favor of appellees, concluding that appellant's recovery based upon some, but not all, of the alleged defamatory statements attributed to appellees would be barred by the one-year statute of limitations. As to appellant's remaining claims, the trial court denied appellees' motions. In Case No. A92A0501, appellant appeals from the grant of partial summary judgment in favor of appellees on his slander claim. In Case Nos. A92A0712 and A92A0713, appellees cross-appeal from the denial of their motions for summary judgment.

*Case Nos. A92A0712 and A92A0713*

We will address appellees' cross-appeals first.

1. Appellees urge that the trial court erred in granting only partial summary judgment as to appellant's slander claim. According to appellees, the evidence of record demonstrates that they made no actionable defamatory statements and that, regardless of the statute of limitations, they were entitled to summary judgment on the merits of appellant's slander claim.

Appellees had no legal obligation to recommend that appellant be selected as the pediatrician for their patients' newborn children. Appellees were free to express to their patients their own opinions concerning appellant's professional abilities and the quality of pediatric care that appellant might afford. Accordingly, no viable claim for slander can be predicated upon the fact that appellees had merely attempted to "dissuade" or "discourage" their patients from selecting appellant and that, in doing so, they expressed general negative opinions regarding appellant's professional abilities. "The expression of opinion on 'matters with respect to which reasonable men might entertain differing opinions' ([cit.]) is not [slanderous]. The relative abilities of different [pediatricians] is patently such a matter, wholly subjective and not capable of proof or disproof. Appellee[s] here [are]

entitled . . . to express such opinions. 'An assertion that cannot be proved false cannot be held [slanderous]. A [speaker] cannot be sued for simply expressing his opinion of another person, however unreasonable the opinion or vituperous the expressing of it may be. (Cits.)' [Cit.]" *Bergen v. Martindale-Hubbell*, 176 Ga. App. 745, 747 (3) (337 SE2d 770) (1985).

Likewise, no viable claim for slander can be predicated upon the fact that appellees may have told their patients that they had "had trouble" with appellant's availability for deliveries and that they had "had difficulty getting him to come to C-sections." It is undisputed that, from appellees' perspective, this was literally true. Appellant's availability for deliveries had been a source of conflict between himself and appellees and appellees were entitled to express their opinions characterizing that conflict as "trouble" and "difficulty." Such general statements would not be rendered slanderous merely because appellees failed to provide their patients with appellant's explanation for the "trouble" and "difficulty." *Yandle v. Mitchell Motors*, 199 Ga. App. 211 (404 SE2d 313) (1991).

However, appellant also relies upon alleged statements which were to the effect that he "did not attend deliveries and was not available when babies were sick." Such specific statements are not merely expressions of a general negative opinion, but are capable of being proved to be true or false. Compare *Bergen v. Martindale-Hubbell*, supra. Appellant either did or did not attend deliveries and he either was or was not available when babies were sick. While there can be no liability for failing to explicate the admitted "trouble" and "difficulty" that had been experienced by appellees, where such an explanation *was* offered, it must have been *truthful* to avoid potential liability for slander. Compare *Yandle v. Mitchell Motors*, supra.

Construing the evidence most favorably for appellant, he never failed to attend any delivery. At most, appellant may have occasionally arrived later than was ideally advisable and did so only because of the lateness of the notice that had been given to him. Obviously, there is a significant difference between falsely advising an expectant mother that appellant "did not attend deliveries" and truthfully telling her that appellant had, on occasion, been somewhat late in arriving for a delivery. Insofar as appellant's unavailability for "sick babies" is concerned, there is no evidence that this was true. Obviously, falsely advising an expectant mother that appellant "was not available when babies were sick" would be potentially actionable as a slander.

A review of the record shows that these false statements were allegedly made only by appellee Dr. Palmer and that they were made to only four of her patients: Angela Boone; Robin Harper; Sandra McCook; and Janet Peeler. Insofar as the other individual appellees are

concerned, there is some evidence that they mutually agreed to cease recommending appellant to their patients, but there is no evidence that they themselves made any slanderous statements to their own patients or that they conspired with appellee Dr. Palmer to slander appellant to her patients. Compare *Safety-Kleen Corp. v. Smith*, 203 Ga. App. 514, 515 (3) (417 SE2d 171) (1992). It follows that, as to appellant's slander claim, the trial court erred in granting only partial summary judgment in favor of all individual appellees except appellee Dr. Palmer. Construing the record most favorably for appellant, it was only appellee Dr. Palmer who made any slanderous statements and no genuine issue of material fact remains as to the other individual appellees' liability for her alleged slander of appellant.

2. It is urged that appellee Dr. Palmer is nevertheless entitled to summary judgment on appellant's slander claim because the statements attributed to her were not published.

"Generally publication is accomplished by communication of the slander to anyone other than the person slandered. [Cit.] Over the years, however, an exception to the broad definition of publication has evolved: when the communication is intracorporate, or between members of unincorporated groups or associations, *and* is heard by one who, because of his/her duty or authority has reason to receive the information, there is no publication of the allegedly slanderous material, and without publication, there is no cause of action for slander. [Cits.] The legal fiction that no publication has occurred when the above criteria are met is based on the sentiment that '(s)tatements by either in the hearing of the other concerning such matters are the legal equivalent of speaking only to one's self. . . .' [Cit.]" (Emphasis supplied.) *Kurtz v. Williams*, 188 Ga. App. 14, 15 (3) (371 SE2d 878) (1988).

As expectant mothers, the patients of appellee Dr. Palmer may have had reason to receive information concerning the professional conduct of appellant and the other locally available pediatricians. However, in order to come within the *Kurtz* exception, it is not sufficient merely that the alleged slander was communicated to one having an interest in the subject matter. The communication must *also* have been made by one member of an organized group or association to another member of that organized group or association. The alleged slanderous statements in the instant case were made by appellee Dr. Palmer to four individuals with whom she shared no relevant common membership in any organized group or association. They were merely her patients and she was merely their obstetrician. When occurring in the context of the obstetrician-patient relationship, communications concerning referrals to pediatricians may be conditionally privileged under OCGA § 51-5-7. However, the existence of a conditional privilege is not the legal equivalent of the non-existence of

actionable publication. See *Kurtz v. Williams*, supra at 16. In communicating with her patients, appellee Dr. Palmer was not, in effect, speaking only to herself, but was imparting information concerning appellant to third persons. Accordingly, the trial court did not err in failing to grant summary judgment in favor of appellee Dr. Palmer on the ground that she had not published the alleged slanderous statements attributed to her.

3. Assuming that the statements attributed to appellee Dr. Palmer were conditionally privileged pursuant to OCGA § 51-5-7, "it does not follow that [summary judgment] was in order. . . . It was a jury question whether 'the privilege was used merely as a cloak for venting private malice, and not *bona fide*. . . .' [Cits.]" *King v. Masson*, 148 Ga. App. 229, 231 (1B) (251 SE2d 107) (1978). "[G]ood faith and good intentions are necessary and essential ingredients of a conditionally privileged communication. [Cit.]" *Cohen v. Hartlage*, 179 Ga. App. 847, 849 (348 SE2d 331) (1986).

4. In moving for summary judgment, appellee P.C. did not submit evidence which would authorize a finding that it had not expressly directed or authorized appellees to make any alleged slanderous statements. Compare *Safety-Kleen Corp. v. Smith*, supra at (1). Instead, appellee P.C. urged only that it was entitled to summary judgment on the ground that none of the individual appellees had made slanderous statements. Since a genuine issue of material fact does remain as to appellee Dr. Palmer's liability for slander, it follows that the denial of summary judgment in favor of appellee P.C. as to appellant's slander claim must be affirmed. A genuine issue of material fact remains as to whether appellee P.C. expressly directed or authorized appellee Dr. Palmer to slander appellant.

5. Appellees urge that the trial court erred in denying their motion for summary judgment as to appellant's claims for tortious interference with his contractual and business relations.

In seeking a recovery under these theories, appellant relies entirely upon the *words* that appellees used in communicating with their patients. As noted in Division 1, the statements attributed to all but appellee Dr. Palmer are mere opinions whereby appellees' patients were "dissuaded" or "discouraged" from selecting appellant because of the admitted "trouble" or "difficulty" experienced in connection with his past availability for deliveries. Accordingly, the trial court erred in failing to grant summary judgment in favor of all but appellees Dr. Palmer and P.C. as to appellant's claim for tortious interference with his contractual and business relations. *S & W Seafoods Co. v. Jacor Broadcasting of Atlanta*, 194 Ga. App. 233, 237 (5) (390 SE2d 228) (1990).

6. The trial court's denial of summary judgment as to all claims asserted by appellant is reversed except as to appellees Dr. Palmer

and P.C.

7. Appellant enumerates as error the trial court's partial grant of appellees' motion for summary judgment on his slander claim. The contention is that the trial court erred in concluding that the one-year statute of limitations had run on any of the alleged defamatory statements attributed to appellees.

We note at the outset that the trial court's ruling on the statute of limitations defense would have bearing only insofar as the liability of appellees Dr. Palmer and P.C. is concerned. Since we have held that all other appellees were entitled to summary judgment on the *merits* of appellant's slander claim, any erroneous ruling on the statute of limitations defense would be harmful to appellant only insofar as it may have precluded him from a recovery based upon the four alleged statements attributed to appellee Dr. Palmer and discussed in Division 1. Of those four statements, three were found by the trial court to be barred by the statute of limitations. Accordingly, it is only those three statements attributed to appellee Dr. Palmer that are within the ambit of our instant discussion.

Previous to the filing of the instant action, appellant had apparently brought a similar action against appellees in federal court. It was alleged that this previous federal action was "void," having been dismissed for lack of subject matter jurisdiction, and that appellant could not, therefore, rely upon the renewal provisions of OCGA § 9-2-61 (a) to toll the statute of limitations as to any alleged slanderous statement which had been made more than one year before the instant action had been filed against appellees. See *Collins v. West Amer. Ins. Co.*, 186 Ga. App. 851, 852 (2) (368 SE2d 772) (1988). Urging that it was OCGA § 9-2-61 (c), not *Collins*, which was controlling, appellant contended that he was entitled to rely upon the renewal provisions of OCGA § 9-2-61 (a) and that the statute of limitations had not run. OCGA § 9-2-61 (c), which became effective only shortly before appellant filed the instant action, provides that the renewal provisions of OCGA § 9-2-61 (a) "shall apply if an action is discontinued or dismissed without prejudice for lack of subject matter jurisdiction in either a court of this state or a federal court in this state."

Although there is a dispute between the parties as to whether *Collins* or OCGA § 9-2-61 (c) is controlling in the instant case, a dismissal of the federal action for lack of subject matter jurisdiction would clearly be a threshold requirement for the asserted applicability of either. Unless the federal action was dismissed for lack of subject matter jurisdiction, then reliance by appellees Dr. Palmer and P.C. upon *Collins v. West Amer. Ins. Co.*, supra, would be misplaced.

If the federal suit was not dismissed for lack of subject matter jurisdiction, it could not possibly be deemed "void" within the holding of *Collins*, supra. Likewise, unless the federal action was dismissed for lack of subject matter jurisdiction, then reliance by appellant upon OCGA § 9-2-61 (c) would also be misplaced. If the federal suit was not dismissed for lack of subject matter jurisdiction, it could not possibly be within the ambit of OCGA § 9-2-61 (c).

A review of the record has failed to disclose a copy of any final order showing that the federal suit *was* dismissed for lack of subject matter jurisdiction. It follows that we can neither affirm the trial court's grant of summary judgment pursuant to *Collins* nor reverse that order pursuant to OCGA § 9-2-61 (c). Instead, the grant of summary judgment can be reversed only on the ground that there is no uncontroverted *evidence* that appellant's instant action is *not* a valid renewal action pursuant to OCGA § 9-2-61 (a). On the record before us, the basis for the purported dismissal of the federal action remains unproven and a genuine issue of material fact thus remains as to whether or not appellant's instant state action is a valid renewal action.

8. The trial court's partial grant of summary judgment on the statute of limitations defense to appellant's slander claim is reversed as to appellees Dr. Palmer and P.C.

*Judgment in Case No. A92A0501 reversed. Judgments in Case Nos. A92A0712 and A92A0713 reversed in part and affirmed in part. Pope and Johnson, JJ., concur.*

DECIDED JULY 10, 1992 —
RECONSIDERATION DENIED JULY 23, 1992.

*Federal, Goetz & Cronkright, R. Keegan Federal, Jr., Julie A. Goodwin,* for appellant.

*Drew, Eckl & Farnham, Hall F. McKinley III, Elizabeth C. Helm, Martin, Snow, Grant & Napier, Robert R. Gunn II, Buzzell & Pinkston, R. William Buzzell II,* for appellees.

