## A96A2422. FUHRMAN v. EDS NANSTON, INC. et al.
### (483 SE2d 648)

McMurray, Presiding Judge.

Plaintiff Fuhrman filed this defamation and tortious interference action against her former employer, defendant EDS Nanston, Inc., and a management person who was her superior during that employment, defendant Trapp. Plaintiff appeals the grant of summary judgment in favor of defendants. *Held*:

1. During discovery plaintiff identified more than 40 allegedly defamatory remarks made by defendant Trapp or other co-workers, and for which the corporate defendant is alleged to be vicariously liable. But plaintiff has failed to offer any evidence of affirmative or express orders from the corporation to its employees directing them to slander plaintiff, thus no vicarious liablity for slander can be assigned to the corporation. *Safety-Kleen Corp. v. Smith*, 203 Ga. App. 514 (417 SE2d 171); *Lepard v. Robb*, 201 Ga. App. 41, 42 (410 SE2d 160).

2. Nor is defendant Trapp liable for defamation. As to Trapp's statements to plaintiff, there was no publication to a third person and thus no cause of action for defamation. *Sigmon v. Womack*, 158 Ga. App. 47, 49 (1) (279 SE2d 254). Statements by Trapp to other co-workers were not defamatory because they were expressions of opinion concerning plaintiff's professional abilities. *Elder v. Cardoso*, 205 Ga. App. 144 (421 SE2d 753).

And any allegedly defamatory statements made by Trapp to potential employers of plaintiff were invited. *Ga. Power Co. v. Busbin*, 249 Ga. 180, 181 (289 SE2d 514); *Sophianopoulos v. McCormick*, 192 Ga. App. 583, 584 (385 SE2d 682). Plaintiff's argument that she was entitled to expect any statement to a potential employer to reflect the high rating she received in a formal evaluation only a few weeks prior to her termination is disingenuous in view of the wealth of evidence as to the events which had transpired afterwards, culminating in her termination. See also *Kenney v. Gilmore*, 195 Ga. App. 407 (393 SE2d 472).

3. In the second count of her complaint, plaintiff alleges that false allegations told to her prospective employers by defendant Trapp constitute tortious interference with contractual rights for which the corporate defendant is vicariously liable. In the absence of evidence of contractual rights with which defendants could interfere, this claim lacks merit. *Lake Tightsqueeze v. Chrysler &c. Svcs. Corp.*, 210 Ga. App. 178, 181 (5) (435 SE2d 486).

Even assuming that the intended claim is for tortious interference with business relations, this claim fails to present a material issue of fact since the uncontradicted evidence fails to show that defendant induced a third party or parties not to enter or continue a

business relationship with the plaintiff. *Labat v. Bank of Coweta*, 218 Ga. App. 187, 189 (2) (460 SE2d 831).

4. Plaintiff's final enumeration of error complains of the superior court striking and refusing to consider her second affidavit filed nine days after the hearing on defendants' motion for summary judgment because lacking a proper foundation. Pretermitting the several grounds upon which the striking of the affidavit might be sustained, we note that the affidavit if considered, failed to alter the result of our conclusion that the entry of summary judgment in favor of defendants was proper. Any error in striking the affidavit was harmless.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED MARCH 5, 1997.

*George M. Johnson*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, David D. Cookson, Douglas W. Smith*, for appellees.