[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15395

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2010
JOHN LEY
CLERK

D. C. Docket No. 04-01338-CV-RWS-1

ACMG OF LOUISIANA, INC.,
ACMG, INC.,

Plaintiffs-Appellants,

versus

TOWERS PERRIN INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 4, 2010)

Before DUBINA, Chief Judge, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

ACMG of Louisiana, Inc. and ACMG, Inc. ("ACMG") appeal the district

court's order granting defendant Towers Perrin, Inc. ("Towers Perrin") summary judgment on their breach of contract, indemnification, and contribution claims and taxing against them the costs of the litigation. Towers Perrin prevailed on its motion for summary judgment by arguing that ACMG's breach of contract claim was untimely and that the contribution and indemnity claims were legally deficient. After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm the district court's grant of summary judgment and its order awarding costs to Towers Perrin.

## I. BACKGROUND

This dispute involves three primary entities: Vantage Health Plan of Louisiana, Inc. ("Vantage"), a health insurance plan; ACMG, the administrator of the insurance plan; and Towers Perrin, the consulting firm that provided ACMG with the rate model used in calculating premiums for the plan. Amidst alleged poor plan performance, Vantage terminated ACMG's management agreement and sued ACMG for breach of contract in Louisiana. ACMG settled the case by relinquishing claims to future payment under the contract and surrendering Vantage stock. In turn, Vantage assigned to ACMG its claims against Towers Perrin for breach of contract.

ACMG sued Towers Perrin via a third party complaint in the Louisiana

2

litigation. ACMG moved to amend the complaint on May 3, 2004, to add claims against Towers Perrin, a motion the court granted on August 9, 2004. ACMG never served Towers Perrin with the third party complaint, however, but voluntarily dismissed the action immediately after filing the amended complaint on August 9. Meanwhile, on May 13, 2004, ACMG commenced this action against Towers Perrin in the Northern District of Georgia. ACMG asserted the breach of contract claims assigned to it by Vantage as well as direct contribution and indemnification claims against Towers Perrin, claiming that it was forced to settle the Vantage suit because of Towers Perrin's mistakes. After granting summary judgment in favor of Towers Perrin, the district court ordered ACMG to pay Towers Perrin's litigation costs under 28 U.S.C. § 1920 (2006).

## II. STANDARD OF REVIEW

We review a grant of summary judgment *de novo*. *Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 871 (11th Cir. 2009). We review a district court's award of costs to the prevailing party for abuse of discretion. *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

## III. DISCUSSION

ACMG first objects to the district court's determination that the Georgia renewal statute did not save its time-barred breach of contract action because ACMG did not serve Towers Perrin in the Louisiana suit before dismissal.

3

Georgia law allows the recommencement of an otherwise untimely claim if it was timely brought elsewhere:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . .

Ga. Code Ann. § 9-2-61(a) (2007).

ACMG contends that Georgia courts would interpret the statutory term "commenced" with reference to the law of the state where the action was brought. *Cf. Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53, 100 S. Ct. 1978, 1986 (1980) (holding that a federal court in a diversity action must look to the law of the forum state to determine when the action is commenced). We have no indication that Georgia courts, however, would look outside the law of Georgia to determine when an action is "commenced" under the renewal statute. *E.g.*, *Collins v. W. Am. Ins. Co.*, 368 S.E.2d 772, 773 (Ga. Ct. App. 1988) (citing Georgia case law for the proposition that an out of state action dismissed for lack of subject matter jurisdiction was void and therefore had not been commenced). As a result, ACMG's unserved Louisiana lawsuit is ineligible for renewal because it was never commenced. *See Hobbs v. Arthur*, 444 S.E.2d 322, 323 (Ga. 1994) (holding that a

4

lawsuit "is void if service was never perfected"). We conclude from the record that the district court correctly determined that the Georgia statute of limitations barred the breach of contract claim asserted here.

ACMG next asserts error in the district court's conclusion that it failed to state a claim for either indemnity or contribution in the complaint. A claim for indemnity arises only when a party pays damages on behalf of another. *See* Restatement (Third) of Torts: Apportionment of Liability § 22 cmt. b (2000) ("[A]n indemnitee must extinguish the liability of the indemnitor to collect indemnity. The indemnitee may do so either by a settlement . . . or by satisfaction of judgment that by operation of law discharges the indemnitor from liability."); *see also Carr v. Nodvin*, 342 S.E.2d 698, 702 (Ga. Ct. App. 1986) (noting that an indemnitor "is entitled to restitution from the other for expenditures properly made in the discharge of such liability" (internal quotation marks omitted)). The same is true of contribution—a responsible party must pay some portion on behalf of another before he has a right to recover that portion. *Tenneco Oil Co. v. Templin*, 410 S.E.2d 154, 159 (Ga. Ct. App. 1991) (noting that contribution is available only when one tortfeasor has paid more than his fair share of the damages). Because ACMG did not extinguish or mitigate Towers Perrin's liability in its settlement with Vantage, but rather received assignment of claims against Towers Perrin, no

5

right of indemnity or contribution exists. We conclude therefore that the district court correctly granted summary judgment on these claims.

ACMG finally raises a number of other objections to the costs taxed against it, primarily arguing that the charges for data copying, duplication, transcripts, and depositions were unreasonable. Its argument, however, raises no facts from which we find an abuse of discretion on the part of the district court in awarding these costs.

## IV. CONCLUSION

We conclude that ACMG's belated breach of contract claim is not saved by Georgia's renewal statute. Moreover, the district court correctly granted summary judgment in favor of Towers Perrin on ACMG's contribution and indemnity claims. We also find no abuse of discretion in the district court's award of costs.

AFFIRMED.