A10A1584. SOWERBY et al. v. DOYAL.

(703 SE2d 326)

PHIPPS, Presiding Judge.

This case involves a legal malpractice action that Marsha Doyal brought against her former attorney, Vincent D. Sowerby, and his law firm, The Law Office of Vincent D. Sowerby, P.C. Sowerby and the law firm moved to dismiss the action on the ground that it was barred by the statute of limitation. Doyal responded that the limitation period had been tolled by fraud. The trial court denied the motion, and we granted interlocutory review. For the following reasons, the limitation period was not tolled, and the statute of limitation barred the action. Accordingly, we find that the trial court erred in denying the motion, and we reverse.

The record shows that the trial court considered matters outside the complaint in ruling on the motion and that the court and parties treated the motion as one for summary judgment.[1] We review the denial of a defendant's motion for summary judgment de novo,

---

[1] See *Hoffman v. PMC Dev. Co.*, 238 Ga. 258 (232 SE2d 541) (1977).

viewing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[2]

So viewed, the evidence showed that Sowerby and the law firm represented Doyal in a domestic proceeding in which a contempt order was issued. Sowerby attempted to appeal that order in the Supreme Court of Georgia, but failed to follow the required discretionary application procedure.[3] In early February 2005, Sowerby told Doyal that the appeal likely would be dismissed for this procedural deficiency, provided her with contact information for his professional liability insurance carrier, and advised her to seek other counsel regarding a potential claim against him. Doyal deposed that, based on her conversation with Sowerby, she was aware in February 2005 that she had a potential claim against him.

On February 21, 2005, the Supreme Court of Georgia dismissed Doyal's appeal from the contempt order based on her failure to follow the discretionary application procedure. On February 25, 2005, Sowerby sent a letter to Doyal that included the following paragraph:

> Enclosed please find your copy of an order of the Supreme Court of Georgia dated February 21, 2005 dismissing the appeal of the . . . contempt. *This is the date upon which the Statute of Limitations begins to run on any claim you may have against me for negligence in filing the Notice of Appeal instead of an Application for Discretionary Review.* A Statute of Limitation is a law which requires a plaintiff to file a lawsuit within a certain time period or lose automatically for waiting too long to sue. Although there are exceptions, an action asserting negligence has a Statute of Limitation of two years and an action asserting breach of contract gets four years. Whether you have two years or four years to sue me is a matter upon which I cannot advise you.[4]

Sowerby deposed that, when he wrote the letter, although he had not researched the issue, he thought February 21, 2005 was the date the statute of limitation began to run on Doyal's professional negligence claim, because that was the date Doyal's appeal was dismissed. In fact, the date Sowerby provided in the letter was incorrect. The applicable limitation period did not begin to run on the date the Supreme Court of Georgia dismissed Doyal's appeal, but

---

[2] *Talbot County Bd. of Commrs. v. Woodall*, 275 Ga. 281 (1) (565 SE2d 465) (2002).

[3] See OCGA § 5-6-35 (a) (2) (requiring appeals from orders in domestic relations cases, including contempt orders, to be taken pursuant to application procedures set forth in OCGA § 5-6-35).

[4] (Emphasis supplied.)

instead began to run on the date Sowerby committed the act of legal malpractice.[5] That date was July 16, 2004, the last day upon which he could have filed on Doyal's behalf an application for discretionary review of the contempt order, which was entered on June 16, 2004.[6]

Doyal spoke with Sowerby's insurance carrier several times regarding her malpractice claim. She also obtained other counsel, who on July 7, 2005, sent a demand letter to the insurance carrier regarding the claim. This attorney subsequently withdrew from representing Doyal, however, and she spoke with several other attorneys in unsuccessful attempts to secure representation on her claim against Sowerby.

On July 10, 2008, within the four-year limitation period applicable to her action,[7] Doyal filed a pro se action against Sowerby in which she alleged that he had committed legal malpractice. But Doyal did not attach an expert affidavit to her complaint,[8] and Sowerby moved to dismiss the action on that ground. Doyal subsequently dismissed her action.

On February 18, 2009, Doyal filed the instant action against Sowerby and the law firm, attaching thereto an expert affidavit. When Sowerby and the law firm moved to dismiss the action as time-barred, Doyal argued that Sowerby's representation in the February 25, 2005 letter concerning the date upon which the limitation period began to run constituted fraud that tolled the running of the limitation period. The trial court denied the motion, finding that a factual question existed concerning Sowerby's intent to defraud Doyal.

Because Doyal filed her second complaint more than four years after her cause of action accrued, she was required, to avoid summary judgment, to come forward with some evidence to demonstrate that a material issue of fact existed that the running of the statute of limitation had been tolled.[9] OCGA § 9-3-96 provides, in pertinent part, that "[i]f the defendant [is] guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's

---

[5] See *Hunter, Maclean, Exley & Dunn, P.C. v. Frame*, 269 Ga. 844, 845 (507 SE2d 411) (1998) (generally, statute of limitation for legal malpractice action runs from date of alleged incident of malpractice); see also *Jankowski v. Taylor, Bishop & Lee*, 246 Ga. 804, 806 (1) (273 SE2d 16) (1980); *Villani v. Hughes*, 279 Ga. App. 618, 619 (3) (631 SE2d 709) (2006).

[6] See OCGA § 5-6-35 (d) (requiring application for discretionary review to be filed within 30 days of the entry of the contested order).

[7] See *Villani*, supra.

[8] See OCGA § 9-11-9.1 (a) (requiring plaintiff bringing action alleging legal malpractice to file with the complaint an expert affidavit).

[9] See *Douglas Kohoutek, Ltd. v. Hartley, Rowe & Fowler, P.C.*, 247 Ga. App. 422, 423 (1) (543 SE2d 406) (2000).

discovery of the fraud." A plaintiff must show that the fraud deterred her from bringing suit.[10]

Thus, in *Columbia County v. Branton*[11] the tolling provision of OCGA § 9-3-96 did not apply where, despite the defendants' alleged fraud, the record showed that the plaintiff was aware of the facts that he contended gave rise to his claims.[12] Like the plaintiff in *Columbia County*, Doyal cannot show fraud to overcome the defense that her claim was time-barred because the undisputed evidence showed that she discovered her potential cause of action against Sowerby and the firm within the limitation period. She deposed that, as early as February 2005, Sowerby had made her aware of the cause of action. Indeed, before the limitation period expired she spoke with representatives of Sowerby's malpractice insurer about her claim; arranged for counsel to issue a demand letter to the insurer for damages; sought legal representation to file suit on the claim; and filed a pro se action against Sowerby asserting the cause of action.

Under these circumstances we find no evidence to support Doyal's argument that fraud on the part of Sowerby or the law firm deterred her from bringing her action so as to toll the limitation period.[13] We are not convinced by Doyal's contention that, even though she knew of her cause of action and brought her first suit against Sowerby within the applicable limitation period, the allegedly fraudulent statement regarding the statute of limitation nevertheless tolled the limitation period under OCGA § 9-3-96 such that her second suit was timely.[14]

Accordingly, the statute of limitation barred Doyal's claim, and the trial court erred in denying summary judgment to Sowerby and the firm.

*Judgment reversed. Miller, C. J., and Johnson, J., concur.*

DECIDED OCTOBER 22, 2010 —
RECONSIDERATION DENIED NOVEMBER 23, 2010 — 

*Brown, Readdick, Bumgartner, Carter, Strickland & Watkins,*

---

[10] *Hunter, Maclean,* supra at 849 (1).

[11] 304 Ga. App. 149 (695 SE2d 674) (2010).

[12] Id. at 154 (2).

[13] See *Columbia County,* supra; see also *Bryant v. Golden,* 302 Ga. App. 760, 762-763 (691 SE2d 672) (2010) (alleged fraud – that accountant, while in a confidential relationship with plaintiff, actively misrepresented that he was working on income tax return and failed to inform him of penalties for filing after a certain deadline – did not toll statute of limitation on malpractice claim, where undisputed evidence showed that accountant repeatedly told plaintiff that return had not been filed and that plaintiff was aware of the consequences of filing late).

[14] Cf. *Stewart v. Warner,* 257 Ga. App. 322, 323 (571 SE2d 189) (2002) (defendants' concealment of a fact other than the existence of the cause of action did not toll the running of the statute of limitation).

*Terry L. Readdick*, for appellants.
 *Oliver Maner, Inman G. Hodges, William J. Hunter*, for appellee.