**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 15, 2012

# In the Court of Appeals of Georgia

A12A0206.   WAREHOUSEBOY   TRADING,   INC.   d/b/a
    SOLUTIONBUILT.COM v. GEW FITNESS, LLC.

MILLER, Judge.

After obtaining an arbitration award in its favor, Warehouseboy Trading, Inc. d/b/a Solutionsbuilt.com ("Warehouseboy") filed an application in state court to initiate arbitration award confirmation proceedings against Gew Fitness, LLC f/k/a Sonz Fitness Center-Decatur, LLC ("Gew Fitness") pursuant to the Georgia Arbitration Code, OCGA § 9-9-12. Warehouseboy voluntarily dismissed its original state court application and later refiled it in superior court pursuant to the renewal provisions of OCGA § 9-2-61 (a). Gew Fitness moved to dismiss Warehousboy's renewed application on the grounds that it was time-barred by the one-year statute of limitation set forth in OCGA § 9-9-12. The superior court granted Gew Fitness's

motion. Warehouseboy appeals, contending that the superior court erred in dismissing its application since Warehouseboy was permitted to renew its original application under the renewal statute. For the reasons set forth below, we reverse the judgment of the superior court.

The record shows that on May 18, 2009, Warehouseboy was awarded $10,150 pursuant to an arbitration clause in a website design agreement between Warehouseboy and Gew Fitness. In October 2009, Warehouseboy commenced a proceeding to confirm the award in DeKalb County State Court. On June 23, 2010, Gew Fitness filed a motion to dismiss the DeKalb County proceeding on the grounds that the state court did not have subject matter jurisdiction.[1] On or about July 8, 2010, and before the DeKalb County State Court ruled on the motion to dismiss, Warehouseboy voluntarily dismissed its proceeding without prejudice.

On December 17, 2010, Warehouseboy filed a renewal proceeding in Cobb County Superior Court to confirm the award of the arbitrator. Gew Fitness filed another motion to dismiss on the grounds that Warehouseboy's application to confirm

---

[1] See OCGA § 9-9-4 (a) (1) (requiring any application to the court under the Georgia Arbitration Code be made in the superior court of the county where venue lies).

the award was not brought within one year of its delivery by the arbitrator.[2] The superior court granted Gew Fitness's motion, finding that Warehouseboy's proceeding was barred by the one-year statute of limitation and could not be renewed under the renewal statute.

On appeal, Warehouseboy challenges the superior court's ruling, contending that Warehouseboy was permitted to renew its original application under the renewal provisions of OCGA § 9-2-61 (a), (c).

OCGA § 9-2-61 (a) provides that

[w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later[.]

---

[2] "OCGA § 9-9-12 provides that a party seeking confirmation of an arbitration award must apply for confirmation with a trial court within one year after its delivery to him." (Punctuation omitted.) *Hardin Constr. Group v. Fuller Enterprises*, 265 Ga. 770, 772 (462 SE2d 130) (1995).

(Punctuation omitted.) Moreover, although the privilege of dismissal and renewal does not apply to void cases,[3] the legislature amended the renewal statute in 1990 "so as to apply the privilege of renewal in cases which are originally filed in either a state or federal court which does not have subject matter jurisdiction[.]" (Punctuation omitted.) Ga. L. 1990, p. 876. As such, subsection (c) of the renewal statute provides that "[t]he provisions of subsection (a) of this Code section granting a privilege of renewal shall apply if an action is discontinued or dismissed without prejudice for lack of subject matter jurisdiction in either a court of this state or a federal court in this state." OCGA § 9-2-61 (c).

Here, the superior court found that because DeKalb County State Court lacked subject matter jurisdiction over Warehouseboy's original application, the original action was void and could not be renewed under OCGA § 9-2-61 (a). The superior

---

[3] See *Reid v. U. S. Fidelity & Guaranty Co.*, 223 Ga. App. 204, 205 (1) (477 SE2d 369) (1996). We note that "[i]t has been held that where a court does not have jurisdiction of the subject matter, the whole proceeding is [] void." (Citation and punctuation omitted.) *Collins v. West American Insurance Co.*, 186 Ga. App. 851, 852 (2) (368 SE2d 772) (1988). Based on these principles, this Court in *Collins*, supra, 186 Ga. App. at 852 (2), held that the renewal statute did not apply where the earlier suit was dismissed for lack of subject matter jurisdiction. However, *Collins* was decided prior to the 1990 enactment of § 9-2-61 (c), which now authorizes renewal actions where the prior action was dismissed for lack of subject matter jurisdiction.

4

court further found that OCGA § 9-2-61 (c) could not save Warehouseboy's renewed application because there was no evidence on the record that the DeKalb County State Court action was in fact dismissed for lack of subject matter jurisdiction.

As an initial matter, we note that since the renewed application did not indicate whether the state court action was dismissed for lack of subject matter jurisdiction, the superior court clearly considered matters beyond Warehouseboy's renewed application in ruling on Gew Fitness's motion to dismiss.[4] Gew Fitness's "motion should therefore have been treated as one for summary judgment and disposed of as provided in [OCGA § 9-11-56]." *Hoffman v. PMC Dev. Co.*, 238 Ga. 258 (232 SE2d 541) (1977) (basis of the trial court's dismissal order was that the complaint was barred by the statute of limitation); see also *Sowerby v. Doyal*, 307 Ga. App. 6, 6-7 (703 SE2d 326) (2010) (reviewing motion to dismiss, based on expiration of statute of limitation, as one for summary judgment where record showed that the trial court considered matters outside the complaint and the parties treated motion as one for

---

[4] We also note that Warehouseboy essentially urges this Court to do the same thing on appeal – that is, Warehouseboy primarily contends that the undisputed circumstances surrounding its voluntary dismissal are what warranted the application of OCGA § 9-2-61 (c).

summary judgment).[5] Accordingly, this Court will treat the trial court's order as a ruling on a motion for summary judgment in favor of Gew Fitness. See *Hoffman*, supra, 238 Ga. at 258; *Sowerby*, supra, 307 Ga. App. at 6.

Thus, "the standard of review as to the issues on appeal is whether the record supports the conclusion that there was no genuine issue of material fact, and that viewing the evidence in the light most favorable to [Warehouseboy], [Gew Fitness] was entitled to judgment as a matter of law." (Citations and punctuation omitted.) *Morrell v. Wellstar Health System, Inc.*, 280 Ga. App. 1, 2-3 (1) (633 SE2d 68) (2006).

So viewed, the undisputed facts show that Warehouseboy filed its renewed application well over a year after the May 18, 2009, delivery of Warehouseboy's

---

[5] See also *Stender v. Fulton County*, 160 Ga. App. 852 (287 SE2d 696) (1982) (concluding that where it was clear that the trial court considered matters outside the complaint, the appellee's motion to dismiss, based on the expiration of the statute of limitation, should have been treated as one for summary judgment and holding that the trial court's failure to follow the procedures appropriate to summary adjudication required reversal). We note that here, however, Warehouseboy does not challenge the trial court's consideration of matters outside the pleadings, contending only that the trial court erred in finding that the renewal statute did not apply in this case. Therefore, such issue is waived. See *Robison v. Green*, 228 Ga. App. 27, 28 (1) (491 SE2d 95) (1997). Further, both parties submitted briefs and exhibits and had an opportunity for oral argument, so there is no indication of prejudice due to the trial court's failure to follow the procedures appropriate to summary adjudication. See id.

arbitration award, and as such, well over the one-year statute of limitation set forth in OCGA § 9-9-12. It is also undisputed that Warehouseboy's original state court application was void. That is, since OCGA § 9-9-4 (a)(1) requires any application to the court under the Georgia Arbitration Code to be made in the *superior* court of the county where venue lies, DeKalb County State Court clearly lacked subject matter jurisdiction over Warehouseboy's original application. See *Collins*, supra, 186 Ga. App. at 852 (2) ("[W]here a court does not have jurisdiction of the subject matter, the whole proceeding is [] void.") (Citation and punctuation omitted). Therefore, Warehouseboy's original action was incapable of being renewed pursuant to subsection (a) of the renewal statute. See *Reid*, supra, 223 Ga. App. at 205 (1) (privilege of dismissal and renewal under OCGA § 9-2-61 (a) does not apply to void cases).

Consequently, OCGA § 9-2-61 (c) provided the only avenue by which Warehouseboy could have resurrected its original void action under the renewal statute. As such, Warehouseboy was required to show that its original state court application was "dismissed without prejudice for lack of subject matter jurisdiction[.]" (Punctuation omitted.) OCGA § 9-2-61 (c). Although the record does not contain a copy of Warehouseboy's voluntary dismissal, the parties do not dispute

7

that the document failed to expressly state that the dismissal was based upon a lack of subject matter jurisdiction. Cf. *Elder v. Cardoso*, 205 Ga. App. 144, 148-149 (7) (421 SE2d 753) (1992) (concluding that where the record failed to disclose a copy of any final order showing that appellant's prior federal action had been dismissed for lack of subject matter jurisdiction, "the basis for the purported dismissal of the federal action remain[ed] unproven and a genuine issue of material fact remain[ed] as to whether or not appellant's instant state action [was] a valid renewal action[,]" and therefore reversing the trial court's grant of summary judgment on the appellant's renewed state court action).

Notwithstanding the absence of an order with this express language, Warehouseboy nevertheless contends that certain undisputed circumstances surrounding its voluntary dismissal reflect that it was in fact based upon a lack of subject matter jurisdiction. Indeed, the record reflects that Gew Fitness filed a motion to dismiss the original state court application based upon a lack of subject matter jurisdiction. In response, Warehouseboy conceded that the original application had been filed in the wrong court and initially sought to transfer the proceeding to the superior court. On the day that Gew Fitness's motion to dismiss was scheduled to be heard, however, counsel for Warehouseboy announced that he was going to file a

voluntary dismissal without prejudice, and he did so two days later. As noted above, however, the dismissal document made no indication that the state court application was being dismissed for lack of subject matter jurisdiction.

Over five months later, when Warehouseboy filed the application as a renewal action in the superior court, Warehouseboy again failed to specify that the original state court action had been dismissed for lack of subject matter jurisdiction or that it was subject to renewal under subsection (c) of the renewal statute. It was only after Gew Fitness moved to dismiss the renewed application, specifically in Warehouseboy's response to the motion and at the motion to dismiss hearing before the superior court, when Warehousboy finally raised subsection (c) and indicated that the reason it voluntarily dismissed the original application was because DeKalb County State Court lacked subject matter jurisdiction.

We conclude that the above circumstances, when viewed in the light most favorable to Warehouseboy, establish that its original state court application was in fact dismissed for lack of subject matter jurisdiction. Accordingly, Warehouseboy's application to confirm its arbitration award was a valid renewal action pursuant to OCGA § 9-2-61 (c), thereby tolling the applicable one-year statute of limitation. For

9

these reasons, the trial court's dismissal of Warehouseboy's renewed application was improper.

*Judgment reversed. Mikell, P. J., and Blackwell, J., concur.*