A05A1456. BRADSHAW v. CITY OF ATLANTA et al.
(621 SE2d 563)

MILLER, Judge.

Nine years after being fired from his job as a firefighter, Donald Bradshaw sued the City of Atlanta and the Board of Trustees of the Firefighters Pension Fund of Atlanta (hereinafter collectively the "City of Atlanta") for rescission of an alleged contract and for fraud. The trial court dismissed Bradshaw's claims pursuant to the four-year statutes of limitation for actions based on a mutual mistake or fraud. See OCGA §§ 9-3-25; 9-3-26; 9-3-31. We discern no error and affirm.

A motion to dismiss may be properly granted when the complaint establishes that the plaintiff is not entitled to relief under any facts that could be proved. *Croxton v. MSC Holding*, 227 Ga. App. 179, 180 (489 SE2d 77) (1997). A trial court's ruling on a motion to dismiss is subject to de novo review on appeal. Id.

1. Despite Bradshaw's several enumerations, the dispositive issue on appeal is whether the trial court properly granted the City of Atlanta's motion to dismiss. For the reasons that follow, we hold that the trial court properly granted the motion.

In his complaint, Bradshaw contends that he was an Atlanta firefighter from 1980 to 1994. In 1994, he was fired from his job. When Bradshaw inquired with the City of Atlanta about his retirement benefits, he was informed that he needed at least 15 years of service before he could be vested in the retirement fund. Since he had only 14 years of service before he was fired, Bradshaw withdrew his previous $23,000 in contributions to the pension fund.

During the entire term of his employment with the city, Bradshaw contends that a city ordinance was in effect that allowed a firefighter to receive a full monthly retirement benefit after ten years of service, but with a ten percent decrease in the monthly benefit for each year that the employee's service fell short of fifteen years. According to Bradshaw's complaint, "[s]ince the date of the termination of his employment, [he] has been actively pursuing reinstatement as an employee of the City of Atlanta Fire Department or

tendering back his contributions of $23,000, and participating as provided by [the aforementioned] Code of Ordinances for the City of Atlanta."

Bradshaw claims that the City of Atlanta's representation that he could only vest in the pension fund after 15 years of service amounted to fraud. He further contends that, based on the City of Atlanta's mistake of law about the ordinance relating to his retirement benefits, he should be entitled to restore the $23,000 in withdrawn contributions to the fund. It is undisputed, however, that the statute of limitation for each of his alleged causes of action is four years. See OCGA §§ 9-3-25 (four-year statute of limitation for breach of implied contracts); 9-3-26 (four-year statute of limitation for all other actions based on express or implied contracts); 9-3-31 (four-year statute of limitation applicable to fraud actions).

Bradshaw did not file his original complaint until May 28, 2003, nearly nine years after he was fired from his job and had withdrawn his pension contributions. By his own admission in his complaint, "[s]ince the date of the termination of his employment" in 1994, Bradshaw knew that he may have been entitled to a different amount of retirement benefits. He further admitted that he had been "actively pursuing reinstatement as an employee of the City of Atlanta Fire Department or tendering back his contributions of $23,000, and participating as provided by [the appropriate] Code of Ordinances for the City of Atlanta" since 1994. In light of these admissions, even if the City of Atlanta had misinformed Bradshaw about his retirement benefits in 1994, such actions did not prevent Bradshaw from filing suit in a timely manner. See *Leathers v. Timex Corp.*, 174 Ga. App. 430, 431-432 (2) (330 SE2d 102) (1985) (alleged fraud did not toll statute of limitation where retiree knew over five years before filing lawsuit that retirement benefits had been inappropriately calculated). Since Bradshaw did not file his lawsuit within the applicable statutes of limitation, the trial court properly dismissed his suit. See id. at 432 (2).

2. In light of our holding in Division 1, we need not address Bradshaw's remaining enumerations.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 26, 2005.

*Melville & Johnson, Christopher D. Vaughn*, for appellant.
*Serena L. Sparks*, for appellees.