## A06A0040. VILLANI et al. v. HUGHES.
### (631 SE2d 709)

MIKELL, Judge.

This is an appeal from the grant of a motion to dismiss a legal malpractice action. We affirm for the reasons set out below.

"A motion to dismiss may be properly granted when the complaint establishes that the plaintiff is not entitled to relief under any facts that could be proved."[1] The grant of a motion to dismiss is reviewed de novo.[2] The complaint in the case at bar shows that Lisa Villani ("Lisa") died in 1992 after an 11-day hospital stay following an automobile wreck. Her mother, Bette L. Villani, was appointed co-administrator of her estate. Villani hired attorney Ralph E. Hughes to represent her in a medical malpractice action against the hospital and doctors who treated Lisa. In March 1998, Villani filed a bankruptcy petition. The medical malpractice case was tried in July 1999, resulting in a defense verdict. Villani, individually and as co-administrator of Lisa's estate, filed the instant legal malpractice complaint on September 2, 2004, alleging that Hughes committed various acts and omissions that violated generally accepted standards of care, and that such acts and omissions were "negligent if not wilful and wanton." In accordance with OCGA § 9-11-9.1, Villani attached to the complaint the affidavit of an expert, who is her husband as well as her attorney, Ralph J. Villani, alleging various acts of negligence against Hughes.

Hughes filed an answer, asserting the affirmative defense of expiration of the statute of limitation, as well as a motion for judgment on the pleadings or, in the alternative, a motion for summary judgment. In addition, Hughes filed a motion to dismiss the complaint, alleging that the expert affidavit was insufficient because it failed to identify any damage to Villani resulting from any act or omission committed by Hughes. In granting the motion to dismiss, the trial court concluded that the affidavit failed to specify at least one negligent act and, therefore, did not satisfy OCGA § 9-11-9.1. This appeal followed.

---

[1] (Citation omitted.) *Bradshaw v. City of Atlanta*, 275 Ga. App. 609 (621 SE2d 563) (2005).

[2] Id.

1. Villani's first enumeration of error alleges that Hughes' answer is void because it was filed in the midst of a bankruptcy proceeding, while the Villanis were under the protection of the automatic stay. However, this argument was not presented to the trial court, and we will not consider it for the first time on appeal.[3]

2. Villani's fifth enumeration of error asserts that the trial court considered "evidence outside the record," without converting the motion to dismiss into a motion for summary judgment and giving her 30 days notice to respond, as required by OCGA § 9-11-12 (b). Nothing in the trial court's order supports this assertion. Rather, the court properly "limit[ed] [its] consideration to the four corners of the [malpractice] affidavit."[4] Therefore, this enumeration fails.

3. Villani's remaining three enumerated errors challenge the trial court's determination that the malpractice affidavit was legally insufficient to satisfy the pleading requirements of OCGA § 9-11-9.1.[5] We do not reach this issue because another basis exists for affirmance.

The complaint, construed most favorably to Villani, shows that the cause of action is barred by the statute of limitation. "The statute of limitation for legal malpractice actions is four years and runs from the date of the alleged incident of malpractice."[6] As stated above, the complaint was filed on September 2, 2004. It alleged that Hughes was negligent in his performance during trial in July 1999 and "shortly after the conclusion of the trial," when he allegedly refused to return Lisa's personal items. "[T]he statute of limitation for legal malpractice is triggered immediately upon the commission of the wrongful act."[7] In the case sub judice, the complaint discloses that any alleged wrongful act was committed more than four years before the complaint was filed. It follows that the action is barred by the statute of limitation.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

---

[3] See *Aukerman v. Witmer*, 256 Ga. App. 211, 218 (3) (568 SE2d 123) (2002).

[4] (Citation and punctuation omitted.) *Sawyer v. DeKalb Med. Center*, 234 Ga. App. 54, 57 (2) (506 SE2d 197) (1998).

[5] See id. at 56 (2) ("for a complaint to be subject to dismissal for failure to state a claim, the affidavit must *disclose* with certainty that the plaintiff would not be entitled to relief under any state of provable facts") (emphasis in original).

[6] *Shores v. Troglin*, 260 Ga. App. 696, 697 (1) (580 SE2d 659) (2003), citing *Hunter, Maclean, Exley & Dunn v. Frame*, 269 Ga. 844, 845 (507 SE2d 411) (1998).

[7] *Jones, Day, Reavis & Pogue v. American Envirecycle*, 217 Ga. App. 80, 82 (1) (456 SE2d 264) (1995).

DECIDED MARCH 23, 2006 —
RECONSIDERATION DENIED JUNE 5, 2006.

*Ralph J. Villani*, for appellants.
*Ralph E. Hughes*, pro se.