A07A0142. FALANGA et al. v. KIRSCHNER & VENKER, P.C. et al.

(648 SE2d 690)

BERNES, Judge.

Robert A. Falanga and Ronald F. Chalker appeal from the trial court's grant of summary judgment disposing of their counterclaim alleging fraudulent billing and legal malpractice. The trial court concluded that the counterclaim was barred by the applicable statute of limitation and the doctrine of judicial estoppel. For the reasons set forth below, we affirm in part and reverse in part.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence shows that after a bar grievance was filed against him, appellant Falanga retained appellees Andrew R. Kirschner and Kirschner & Venker, P.C. ("K & V") to defend him in the disciplinary proceedings before the State Bar of Georgia. During the course of the representation, Kirschner proposed that Falanga and his law partner, appellant Chalker, file a federal civil rights lawsuit against the State Bar. Appellants agreed, and Kirschner initiated the lawsuit in the United States District Court for the Northern District of Georgia.

After appellants prevailed in part in the federal lawsuit, Kirschner moved for attorney fees under 42 USC § 1988. On November 12, 1996, the district court determined that Kirschner should be compensated by the State Bar for 30 percent of his hours on the case, and awarded $41,950.13 in fees and $3,935.07 in expenses on account of Kirschner's work. The State Bar appealed, and the Eleventh Circuit Court of Appeals reversed, among other things, the district court's attorney fees award. *Falanga v. State Bar of Ga.*, 150 F3d 1333, 1347 (III), n. 34 (11th Cir. 1998).

In January 1999, following the Eleventh Circuit's decision, Falanga wrote to Kirschner complaining of the latter's billing practices. Falanga directed Kirschner not to do any work on a petition for certiorari and to refer any settlement negotiations either to him or to Kirschner's co-counsel in the federal lawsuit. On October 1, 1999, Kirschner demanded payment of $57,257.38 in unpaid fees in connection with the federal litigation. Falanga responded on October 29, 1999, indicating that the billing remained in dispute per his January letter, and that Kirschner should do nothing unless contacted by the federal court or the State Bar.

Falanga subsequently negotiated with the State Bar to reach a settlement in the pending disciplinary matter. He then filed a petition for voluntary discipline with the Supreme Court of Georgia, which accepted the petition. *In the Matter of Falanga*, 272 Ga. 615 (533 SE2d 711) (2000). According to Falanga, the State Bar thereafter began a new investigation of his past conduct, notwithstanding representations made to him by the State Bar that he would be given a "clean slate." Falanga paid another attorney $25,000 for work in resolving the new matter.

On March 21, 2001, appellee K & V sued appellant Falanga to recover $57,257.38 in attorney fees. Falanga filed an answer and counterclaim on August 6, 2001, and an amended answer and counterclaim on October 9, 2001. Appellant Chalker was later added as a party defendant and appellee Kirschner as a party plaintiff. Appellants then filed a second amended answer, counterclaim and third-party complaint on May 17, 2002.[1] The counterclaim essentially asserted two claims against appellees — one for fraudulent billing and one for legal malpractice. First, appellants claimed that Kirschner had submitted to them "excessive, fraudulent billings for legal fees." Second, appellants claimed that Kirschner committed legal

---

[1] Appellants characterize May 17, 2002, the date of the last counterclaim, as the date on which their counterclaim for fraudulent billing and legal malpractice was asserted, and do not argue that the claims should relate back to the earlier counterclaims.

malpractice by abandoning Falanga in the disciplinary proceedings before the State Bar by refusing to help draft a competent plea agreement.

1. *Fraudulent Billing.* Appellants contend that the trial court erred in granting summary judgment disposing of their claim of fraudulent billings. Specifically, they argue that the trial court erred in finding that fraud did not toll the statute of limitation. They also maintain that even if fraud did not toll the limitation period, the trial court still erred in overlooking that the statute of limitation did not bar their claim that appellees had submitted fraudulent and padded bills for appellate work in the federal lawsuit. Additionally, appellants argue that the trial court erred in finding that the doctrine of judicial estoppel barred their fraudulent billing claim. We will address these arguments each in turn.

(a) Appellants' fraudulent billing claim was subject to a four-year statute of limitation. OCGA § 9-3-31; *Bradshaw v. City of Atlanta*, 275 Ga. App. 609, 610 (1) (621 SE2d 563) (2005); *Shapiro v. Southern Can Co.*, 185 Ga. App. 677 (365 SE2d 518) (1988). The trial court concluded that appellants could have challenged appellees' bills as fraudulent from November 12, 1996, when the district court approved the $41,950.13 fee award in the federal lawsuit. As this occurred more than four years before appellants asserted their counterclaim, the trial court held that their fraud claim was barred by the statute of limitation. Appellants argue that the trial court reached this conclusion in error because the statute of limitation was tolled on their fraudulent billing claim. We disagree.

"[W]here . . . actual fraud is the gravamen of the action . . . the statute of limitation[ ] is tolled until the fraud is discovered or by reasonable diligence should have been discovered." *Shipman v. Horizon Corp.*, 245 Ga. 808, 808-809 (267 SE2d 244) (1980). See OCGA § 9-3-96 ("If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud."). The plaintiff has the burden of showing the existence of facts that would toll the statute of limitation. *Edmonds v. Bates*, 178 Ga. App. 69, 72 (342 SE2d 476) (1986). Although issues concerning a plaintiff's diligence in discovering fraud is usually for the trier of fact, a plaintiff may fail to exercise due diligence as a matter of law. *Nash v. Ohio Nat. Life Ins. Co.*, 266 Ga. App. 416, 418 (1) (597 SE2d 512) (2004).

The evidence establishes that as a matter of law appellees' alleged fraud in billing for work performed before November 12, 1996 could have and should have been discovered through the exercise of reasonable diligence on or before that time. Appellants were billed by Kirschner as the district court case went on. Falanga was aware of the

district court filing seeking recovery of attorney fees, but as to "the billing that had been sent to [him] by Mr. Kirschner in the process of attempting to get a fee award from the court," Falanga maintained that "I didn't even really review this stuff."

In January 1999, after the Eleventh Circuit Court of Appeals had reversed the attorney fees award and appellees demanded payment for the fees that remain unpaid, Falanga, as he states in his affidavit, "pulled out the bills and discovered the padded and fraudulent bills." That the alleged fraud was discoverable through a reading of the bills is also reflected in the January 6, 1999 letter sent by Falanga to Kirschner. There, Falanga complains that "[a] review of your billing" showed that Kirschner charged appellants for numerous incomplete telephone calls, for talking to a newspaper reporter, and for so many hours over a five-week period that Kirschner could not have done any work on other client files. The foregoing evidence shows that appellants should have and could have discovered the alleged billing fraud on or before November 12, 1996, had they exercised reasonable diligence in reviewing appellees' bills. See *Nash*, 266 Ga. App. at 418-420 (1) (statute of limitation was not tolled as to policyholder's claim that the defendant misrepresented that an insurance policy would be paid up in five years when documentation in policyholder's possession showed otherwise); *Averill v. Akin*, 219 Ga. App. 32, 33 (1) (463 SE2d 730) (1995) (fraud claim not tolled because plaintiff "cannot turn a blind eye on information available to him").

Appellants argue that because Kirschner, as their attorney, owed them a fiduciary responsibility, they had a lessened duty to discover the fraud. It is true that "[w]here a confidential relationship exists, a plaintiff does not have to exercise the degree of care to discover fraud that would otherwise be required, and a defendant is under a heightened duty to reveal fraud where it is known to exist." *Hunter, Maclean, Exley & Dunn, P.C. v. Frame*, 269 Ga. 844, 848 (1) (507 SE2d 411) (1998). Nevertheless, "a lawyer who is sued for actual fraud may, when claiming that the limitation period has run, rely upon the plaintiff's duty to exercise ordinary care and diligence to discover the fraud, even though a confidential relationship exists." Id. Here, although Kirschner and appellants were in a confidential relationship, we cannot conclude that appellants' lessened duty of care to discover Kirschner's fraud excused them from exercising ordinary care by reviewing Kirschner's bills in a timely manner. See, e.g., *Allen v. Columbus Bank & Trust Co.*, 244 Ga. App. 271, 277 (1) (534 SE2d 917) (2000) (statute of limitation on trust beneficiary's fraud claim against trustee was not tolled by alleged fraud; even if yields reported in letter from trustee to beneficiary were fraudulent, beneficiary could have discovered true yields by reading account statements provided by trustee).

Appellants also argue that Kirschner had a duty to disclose the fraud and that his silence should be treated as a continuation of the fraud. See *Shipman*, 245 Ga. at 808-809 ("[s]ilence is treated as a continuation of the original actual fraud") (citation omitted). We disagree. Because the billing statements were available to appellants and the evidence of the alleged fraud was contained in those statements, Kirschner's silence and failure to disclose did not deter appellants from discovering the alleged fraud. *Averill*, 219 Ga. App. at 33-34 (1) (corporate officers' alleged failure to inform shareholder of rebate program did not toll Statute of Frauds where the information was open and available to the shareholder).

(b) Appellants contend that even if the trial court was correct on the issue of tolling, the trial court nevertheless erred in extending the bar of the statute of limitation to their claims arising out of appellees' alleged fraudulent billing for appellate work on the federal case. We agree.

The trial court concluded that appellants could have challenged appellees' bills as fraudulent by November 12, 1996, when the district court entered its attorney fees award. Significantly, however, appellees also billed appellants for Kirschner's work in the appeal to the Eleventh Circuit Court of Appeals, which was not included in the bills submitted to the district court. Unlike the bills for work in the district court, the evidence does not establish that the alleged billing fraud for the appellate work occurred outside the limitation period as a matter of law.[2] Nonetheless, appellees argue that we should affirm the trial court's grant of summary judgment because appellants failed to specifically plead fraud arising from the billing of the appellate work, and because they waived the issue by not raising it with the trial court.

Appellees are correct that circumstances constituting fraud must be pled with specificity. OCGA § 9-11-9 (b). But, "[t]he proper remedy for seeking more particularity is by motion for a more definite statement at the pleading stage or by the rules of discovery thereafter." (Citations omitted.) *Cochran v. McCollum*, 233 Ga. 104, 105 (210 SE2d 13) (1974). Appellees never moved for a more definite statement in the court below. Hence, we cannot conclude that the alleged failure

---

[2] The January 6, 1999 letter attached to Falanga's affidavit and specifically referenced in appellants' trial response brief showed that appellees had billed appellants for Kirschner's appellate work in the Eleventh Circuit Court of Appeals, and that appellants contended that the billing was padded because it charged 30.8 hours for preparing and giving an oral argument. We cannot discern from the January 6 letter or from the other record evidence when appellants were first billed for this work, and so summary judgment in favor of appellees would not be appropriate on this fraudulent billing claim. This is because, as discussed infra, appellees had the burden of coming forward with evidence showing that appellants' claim of fraudulent billing for appellate work was barred by the statute of limitation.

to plead fraud with specificity warrants the grant of summary judgment on appellants' claim of fraudulent billing for appellate work.

We also disagree with appellees' argument that appellants waived the issue by not specifically arguing or pointing out to the trial court, in response to the summary judgment motion, that the bills for appellate work fell within the statute of limitation. Waiver is not applicable in this context. That an action is barred by the statute of limitation is an affirmative defense, and so the burden was on appellees to come forward with evidence sufficient to make out a prima facie case that appellants' fraudulent billing claim fell outside the limitation period. See OCGA § 9-11-8 (c); *Porex Corp. v. Haldopoulos*, 284 Ga. App. 510, 511 (644 SE2d 349) (2007) ("[A] defendant moving for summary judgment based on an affirmative defense may not rely upon an absence of evidence in the record disproving the affirmative defense.") (citation and punctuation omitted). It was not the obligation of appellants to argue before the trial court that appellees failed to meet this burden; rather, "[i]t [was] the responsibility of the trial court to review the evidence and determine whether a prima facie case [had] been proven by the movant." *Dental One Assoc. v. JKR Realty Assoc.*, 269 Ga. 616, 618 (1) (501 SE2d 497) (1998). As such, appellants are entitled to urge on appeal that appellees failed to show that the bills for appellate work fell outside the four-year limitation period, even if they did not raise that specific factual argument in the court below. See id. Compare *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 830 (3) (573 SE2d 389) (2002) (the party opposing summary judgment cannot raise new *legal* arguments on appeal). Accordingly, the trial court erred in granting summary judgment to appellees on appellants' claim that the bills for appellate work were fraudulent.

(c) Appellants also argue that the trial court erred in holding that the doctrine of judicial estoppel barred their claim against appellees for fraudulent billing. We need not address this contention here inasmuch as appellants' fraud claims in connection with the billing of fees for the federal district court litigation are barred by the statute of limitation, as we found in Division 1 (a), supra. Appellants' claims associated with appellees' allegedly fraudulent billing for appellate work, as discussed in Division 1 (b), were not shown to be previously approved by any court, and so an issue of judicial estoppel is not raised as to these fees. *IBF Participating Income Fund v. Dillard-Winecoff, LLC*, 275 Ga. 765, 766 (573 SE2d 58) (2002) (pointing out that "judicial estoppel is an equitable doctrine that prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding") (citations and punctuation omitted).

2. *Legal Malpractice.* Finally, appellants contend that the trial court erred in granting summary judgment disposing of their legal malpractice claim. We disagree.

According to appellants, Kirschner abandoned them in their dispute with the State Bar by refusing to help draft a competent plea agreement to reflect the deal negotiated by Falanga of "legal absolution for anything [Falanga] had done up until the date of the plea agreement." Instead, appellants contend that the plea agreement had a "loophole," which allowed the State Bar to "inflict[ ] more harassment" on Falanga, resulting in damages in excess of $25,000.

"To recover on a legal malpractice claim, a plaintiff must show that (1) he employed the attorney, (2) the attorney failed to exercise ordinary care, skill, and diligence, and (3) such negligence was the proximate cause of damage to the client." (Footnote omitted.) *Tunsil v. Jackson*, 248 Ga. App. 496, 498 (1) (546 SE2d 875) (2001). In a legal malpractice action, a plaintiff shows proximate cause by demonstrating that but for the attorney's error, the outcome would have been different. *Szurovy v. Olderman*, 243 Ga. App. 449, 452 (530 SE2d 783) (2000).

Here, Falanga fails to identify the legal "loophole" he allowed into the plea agreement that could have been closed by Kirschner. Further, he fails to show how Kirschner's involvement in drafting the plea agreement would have resulted in any different outcome insofar as his subsequent alleged harassment by the State Bar. Falanga's deposition shows that the State Bar initiated an investigation of Falanga after receiving an affidavit from an informant who had been wired by the Federal Bureau of Investigation and sent into his office on two occasions to tape their conversations. The State Bar investigative panel looked into the matter, voted, and dismissed the investigation. It is simply speculation to assert that but for Kirschner's alleged legal malpractice, the State Bar would not have investigated Falanga under these circumstances. See *Houston v. Surrett*, 222 Ga. App. 207, 209 (2) (474 SE2d 39) (1996) (summary judgment to attorney on plaintiff's malpractice claim was proper where plaintiff could not show outcome would have been different; "any lesser requirement would invite speculation and conjecture") (citation omitted). The trial court thus did not err in granting summary judgment on the malpractice claim.

In sum, we affirm the trial court's grant of summary judgment to appellees as to appellants' claims for alleged fraudulent billing for legal work initially billed on or before November 12, 1996, and on appellants' legal malpractice claim. We reverse the grant of summary judgment as to appellants' claim for fraudulent billing in connection with the appeal to the Eleventh Circuit Court of Appeals.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JUNE 25, 2007.

*Falanga & Chalker, Robert A. Falanga*, for appellants.
*Kirschner & Venker, Thomas J. Venker, Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.*, for appellees.