[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 12, 2010
JOHN LEY
ACTING CLERK

No. 09-13257
Non-Argument Calendar

_____

D. C. Docket No. 08-00150-CV-CDL-4

JOAQUIN BROWN,

Plaintiff-Appellant,

versus

RACHEL J. LEWIS,
a.k.a. Rachel Brown,
JAMES LEWIS,
RICHARD HAGLER, Attorney,
JUDGE KENNETH B. FOLLOWILL,
Judge, Superior Court of Muscogee County,
CHILD SUPPORT SERVICES FOR MUSCOGEE COUNTY, GA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 12, 2010)

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Joaquin Brown, proceeding *pro se*, appeals the district court's dismissal of his complaint asserting claims under the Service Members Civil Relief Act ("SCRA"), 50 App. U.S.C. § 501 *et seq.*, 42 U.S.C. § 1983, and Georgia state law against Rachel Lewis, James Lewis, Richard Hagler, the Honorable Kenneth B. Followill, and the Muscogee County Office of Child Support Services ("OCSS"). Because we agree with the district court that all the claims raised by Brown either fail to state a proper claim, are time-barred, are barred by immunity provisions, or are outside the scope of the district court's jurisdiction, we affirm the district court's dismissal of all of Brown's claims.

## I.

All of Brown's claims arose out of divorce proceedings, from 1985, with Rachel Lewis. At the time of the divorce, Brown was serving in the military. As a result Brown was deployed to Oklahoma and then to Germany. According to Brown's allegations, which we assume to be true for the purposes of reviewing a motion to dismiss, he reached a temporary agreement with Rachel Lewis, her attorney Hagler, and the court (Judge Followill) on the terms of the divorce prior to deploying for Germany. Upon returning to Georgia, Brown discovered that several

2

orders had been entered by the court upon the motions of Lewis and Hagler during the time he was deployed in Germany. These orders altered the divorce agreement and eventually led to Brown being arrested in 1989 and held in jail for failing to pay child support. Brown was released from jail after nine days, paying fifty-five hundred dollars ($5,500), and signing over "everything" to Lewis. In 2007 Brown discovered that his daughter had been adopted by James Lewis (his ex-wife's new husband), without his knowledge or consent, in 1990. Brown continued to pay child support for his daughter after the adoption.

Brown filed several claims in the Middle District of Georgia, all arising from his divorce. Brown's claims under the SCRA were found to be barred by the *Rooker-Feldman*[1] doctrine and thus dismissed. The § 1983 and state law allegations against Judge Followill were found to be barred by judicial immunity. The district court found that Brown failed to state a claim for a § 1983 claims against OCSS and that state law claims against OCSS were barred by sovereign immunity. The district court dismissed Brown's § 1983 claims against Hagler on the basis that they failed to state proper claims. Brown's claims of illegal adoption and wage garnishment against Judge Followill, OCSS, and Hagler were found to

---

[1]"The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

3

be barred by the *Rooker-Feldman* doctrine and dismissed. Brown's § 1983 and state law claims against Hagler, Rachel Lewis, and James Lewis were also found to be time-barred. The district court also denied Brown's motion to amend his complaint, as well as his motion to unseal state court records related to his daughter's adoption. Brown appeals the district court's rulings.

## II.

As an initial matter, we note that Brown's opening brief does not challenge the district court's grounds for dismissing several of his claims. Here, Brown's *pro se* brief does not challenge the district court's conclusions that: (1) his SCRA claims, state law claims, and claims of illegal adoption and illegal wage garnishment against Judge Followill, OCSS, and Hagler, were barred by the *Rooker-Feldman* doctrine; (2) his § 1983 claims and state law tort claims against Judge Followill were barred by absolute judicial immunity; (3) OCSS was not a "person" subject to suit under § 1983; (4) his state tort claims against OCSS were barred by sovereign immunity. Although we liberally construe briefs filed by *pro se* litigants, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also do not consider arguments raised for the first time in a reply brief. *Id.* Therefore, Brown has waived any argument with respect to the district court's dismissal of his

4

claims under the SCRA, his claims for illegal adoption and illegal wage garnishment against all defendants, and his § 1983 and state law tort claims against Judge Followill and OCSS. We construe Brown's opening brief in the most liberal sense and address the remaining issues below.

**III.**

We review a district court's dismissal of a complaint for failure to state a claim *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Leib v. Hillsborough County Public Transp. Com'n*, 558 F.3d 1301, 1305 (citation omitted). Although a plaintiff's complaint need not include detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–1965 (2007) (citations omitted).

"We review *de novo* the district court's interpretation and application of the statute of limitations." *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008) (quotation omitted).

A district court's denial of a motion to amend a complaint based upon futility is a legal conclusion that we review *de novo*. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1236 (11th Cir. 2008) (citation omitted).

5

**IV.**

*A.      Brown's § 1983 Claim Against Hagler Failed to State a Claim*

In order to state a claim under § 1983, the plaintiff must show "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby,* 418 F.3d 1256, 1258 (11th Cir. 2005). A private party such as Hagler may be viewed as a state actor under § 1983 "[o]nly in rare circumstances." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). We employ three distinct tests for determining whether a private party acted under color of state law: (1) the public function test, which asks whether the private actors were performing functions "traditionally the exclusive prerogative of the state;" (2) the state compulsion test, which applies to situations where the government coerced or significantly encouraged the unconstitutional actions at issue; and (3) the nexus/joint action test, which applies where the state and the private party were joint participants in the common enterprise. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (quotations omitted).

A private party may also be held liable under § 1983 when he conspires with state actors to violate the plaintiff's constitutional rights. *Rowe v. City of Fort Lauderdale,* 279 F.3d 1271, 1283 (11th Cir. 2002). To establish a conspiracy for

§ 1983 purposes, "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons." *Harvey*, 949 F.2d at 1133.

In this case, Hagler was a private party who acted as Rachel Lewis's attorney in the state court divorce proceedings. In his complaint, Brown did not allege that Hagler was performing a traditional public function, or that the state had coerced or encouraged Hagler's actions. In addition, Brown did not assert that Hagler had entered into an agreement with Judge Followill or any other state actor to violate Brown's constitutional rights. Because Brown's complaint failed to allege facts showing that Hagler acted under color of state law, the district court properly dismissed Brown's § 1983 claim against Hagler.

B.     *Brown's § 1983 Claims and State Tort Claims are Barred by Relevant Statutes of Limitation*

Dismissal of a claim "on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). In this case, Brown brought his claims in the state of Georgia,

7

which has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. All questions related to the tolling of the statute of limitations are governed by state law. *Mullinax v. McElhenney,* 817 F.2d 711, 716 (11th Cir. 1987). "The question of when the limitations period begins to run, however, is one of federal law." *Uboh v. Reno*, 141 F.3d 1000, 1002 (11th Cir. 1998).

"A statute of limitations begins to run when the cause of action accrues." *Id* (citation omitted). Generally, a cause of action under § 1983 does not accrue until the plaintiff knows or should know of the injury that forms the basis for the claim and the identity of the person who inflicted it. *Mullinax,* 817 F.2d at 716.

1. *Brown's Claims of False Arrest, False Imprisonment, and Malicious Prosecution are Time-Barred*

A claim for false arrest and false imprisonment must be brought within two years of the defendant's release from imprisonment. *McClendon v. Kroger Co.*, 279 Ga. App. 417, 417, 631 S.E.2d 461, 461 (2006). Under Georgia law, "[a] malicious prosecution action must be brought within two years after termination of the underlying prosecution in plaintiff's favor." *Waters v. Walton*, 225 Ga.App. 119, 120, 483 S.E.2d 133, 134 (1997); O.C.G.A. § 9-3-33. Brown brings this cause of action nearly twenty years after the arrest upon which he bases his claims of false arrest, false imprisonment, and malicious prosecution. Brown offers no explanation of why he could not bring this cause of action sooner or even if the

8

prosecution was ever terminated in his favor. The district court properly denied this claim as being time-barred.

*3.      Brown's Claims of Malpractice are Time-Barred*

A claim alleging malpractice must be filed within four years of the complained-of injury. *Villani v. Hughes*, 279 Ga.App. 618, 619, 631 S.E.2d 709, 711 (2006). Brown fails to allege a specific date for the alleged malpractice claims, but the latest date mentioned by Brown in his complaint is 2000. Brown filed his complaint in 2008 which means that his claims are well outside the four year statute of limitations for malpractice. Brown also failed to state how either one of the Lewis defendants were professionals within his claims of malpractice. The district court properly dismissed all of the malpractice claims as they are either time-barred or fail to state a proper claim.

*4.      Brown's Claims of Fraud and Deceit are Time-Barred*

Actions for fraud and deceit are subject to a four-year statute of limitations. *Hamburger v. PFM Capital Mgmt., Inc.*, 286 Ga.App. 382, 387, 649 S.E.2d 779, 784 (2007). Once again, the latest date mentioned in Brown's complaint is 2000, thus his complaint filed in 2008 was well outside the statute of limitations. Georgia law provides that the statute of limitations for fraud is tolled if the plaintiff can show the following: "(1) actual fraud involving moral turpitude on the part of

9

the defendant; (2) the fraud must conceal the cause of action from the plaintiff, thereby debarring or deterring the knowing of the cause of action; and (3) the plaintiff must have exercised reasonable diligence to discover the cause of action, notwithstanding the failure to discover within the statute of limitation." *Moore v. Mack*, 266 Ga.App. 847, 849, 598 S.E.2d 525, 528 (2004). "The plaintiff has the burden of showing the existence of facts that would toll the statute of limitation." *Falanga v. Kirschner & Venker, P.C.*, 286 Ga.App. 92, 94, 648 S.E.2d 690, 693 (2007). Brown alleges that the illegal adoption of his daughter was concealed from him and therefore the statute of limitations should be tolled. However, Brown has not shown adequate facts evidencing this concealment. Further, Brown has not shown that he exercised reasonable diligence in discovering the fact that his daughter had been adopted by another man.

Here, all of Brown's § 1983 and state law claims against Rachel Lewis, James Lewis, and Hagler were untimely. In addition, Brown failed to allege facts sufficient to toll the statute of limitations with respect to any of his claims. Accordingly, the district court properly dismissed Brown's § 1983 and state law claims as time-barred.

C.     *The District Court Did Not Err in Denying Brown's Motion to Amend*

After a plaintiff has been served with a responsive pleading, he may amend

10

his complaint only with the consent of the opposing party or by leave of the court. Fed.R.Civ.P. 15(a). Although the district court should freely give leave to amend "when justice so requires," *see id.*, the court may properly deny leave to amend if it concludes that the proposed amendment would be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004).

In this case, Brown's proposed amended complaint added citations to relevant Georgia statutes, but in all other respects was identical to Brown's original complaint. As we described above, all of Brown's claims would be time-barred even if brought under the Georgia statutes listed in his amended complaint. Because Brown's proposed amendment would have been futile, the district court did not err in denying his motion to amend his complaint.

D.      *The District Court Did Not Have the Power to Order Georgia to Unseal State Adoption Records*

The district court construed Brown's motion as a petition for a writ of mandamus directing the Muscogee County Superior Court to unseal his daughter's adoption records. By statute, a federal district court may issue a writ of mandamus only to "compel an officer or employee of the *United States* or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where

11

mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (citation omitted).[2] Because the district court lacked the authority to order a state court to unseal adoption records, the district court properly denied Brown's motion.

Accordingly, we affirm the district court's dismissal of Brown's entire complaint.

**AFFIRMED.**

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this Court adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.